# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOLONG CHEN, <br><br> Petitioners, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | Case No. 1:26-cv-01992-KES-EPG-HC <br><br> FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENT TO PROVIDE PETITIONER WITH BOND HEARING BEFORE IMMIGRATION JUDGE <br><br> ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 3) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus and ordering that Respondents provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## I.

## BACKGROUND

Petitioner is a citizen of China who entered the United States at an unknown time and unknown location and was not admitted or paroled after inspection by an immigration officer. (ECF No. 1 at 4; ECF No. 12 at 7.[1]) On September 2, 2023, Petitioner was arrested for assault,

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

criminal mischief, damage property, and the charges were dismissed on September 11, 2023. (ECF No. 12 at 1–2, 19–20.) Petitioner was arrested for assault on December 1, 2023, convicted of assault and disorderly conduct on April 2, 2024, and sentenced to suspended terms of jail, twelve months of probation, and thirty-five hours of community service. (Id. at 2, 20–21.) On October 8, 2024, Petitioner was arrested for a violation of protective order, aggravated assault, assault, and violation of a court order. On February 4, 2025, he was convicted of felony violation of protective order and sentenced to a suspended indeterminate term not to exceed five years, thirty-six months of probation, and 120 days in jail. (Id. at 2, 26–50.)

On December 16, 2025, Petitioner was encountered at the Provo Adult Parole and Probation Office by U.S. Immigration and Customs Enforcement ("ICE") officers during routine checks. Petitioner was on probation for a violation of a protective order. ICE officers arrested Petitioner on December 17, 2025. (ECF No. 12 at 12.) Petitioner was served a notice to appear charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 7.)

On March 12, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court "construe[d] the Petition as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 7 at 1.) On March 30, 2026, Respondents filed an answer, and Petitioner filed a reply on April 20, 2026. (ECF Nos. 12, 13.)

**II.**

**DISCUSSION**

**A. Applicability of 8 U.S.C. § 1226(c)(1)(E)**

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Here, Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E), which provides that the "Attorney General shall take into custody any alien who… (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). Section 1226(c) "specif[ies] that the Attorney General 'may release' one of those aliens '*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, 583 U.S. 281, 303 (2018) (emphasis in original).

Respondents argue: "Among other crimes, Petitioner was arrested for assault. A plain reading of the statute assault crime subjected him to mandatory detention pursuant to 8 USC § 1226(c)(1)(E)." (ECF No. 12 at 3.) The statute lists "assault *of a law enforcement officer*" as one of the enumerated offenses. 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Here, Petitioner was never arrested for, charged with, or convicted of assault of a law enforcement officer.

Additionally, to avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]" Singh v. Chestnut, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). "[C]ourts have found that this provision ceases to apply when charges . . . are dropped or dismissed." Singh v. Wofford, No. 1:26-CV-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026). "The statute's 'use of the present tense is conspicuous and important.'" Id. (quoting Helbrum v. Williams Olson, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5 (S.D. Iowa Sept. 30, 2025)). "'By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]'

3

such as by a conviction." Singh, 2026 WL 972547, at *2 (quoting Helbrum, 2025 WL 2840273, at *5–6). Respondents do not contend that one of the other clauses of 8 U.S.C. § 1226(c) applies, and Respondents do not argue that any of Petitioner's other arrests, charges, or convictions falls within § 1226(c)(1)(E)(ii).

Based on the foregoing, the undersigned recommends finding that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E).[2]

### B. Motion to Appoint Counsel

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's conclusion that Petitioner is entitled to habeas relief, the undersigned will deny Petitioner's motion for appointment of counsel.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed claim challenging the statutory authority of Petitioner's detention;

2. Respondents be enjoined and restrained from continuing to detain Petitioner pursuant to 8 U.S.C. § 1226(c)(1)(E); and

3. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

---

[2] In light of this conclusion, the Court declines to address Petitioner's prolonged detention due process claim.

Further, the undersigned HEREBY ORDERS that Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2026**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE